FILED
CLERK, U.S. DISTRICT COURT

AUG 2 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VICTOR C. ARNOLD,<br><br>    Petitioner,<br><br>    v.<br><br>M.C. KRAMER, Warden,<br><br>    Respondent. | Case No. CV 08-04859 GPS (AN)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

## I. BACKGROUND

On July 24, 2008, Victor C. Arnold ("Petitioner"), a state prisoner proceeding *pro se*, filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition seeks federal habeas relief from his current state custody arising from his 1999 state conviction and related aggregate term of thirty-six years to life prison sentence for second degree robbery that he sustained following a jury trial in the California Superior Court for the County of Ventura (Case No. CR45860) ("1999

Conviction"). (Pet. 2; Official records of California courts.[1]) However, this Court's records[2] establish the Court lacks jurisdiction to consider the Petition because it is an unauthorized successive petition.

Specifically, on September 27, 2001, Petitioner filed his first § 2254 petition with this Court that raised one insufficient evidence claim directed at his 1999 Conviction ("2001 Petition"). (No. CV 01-08366 GLT (AN)). On July 30, 2002, the 2001 Petition was dismissed with prejudice because this Court found the sole claim failed on the merits. (*Id.*, Judgment Docket No. 20.)

On June 21, 2006, Petitioner filed his second § 2254 petition for the purpose of again challenging his state custody arising from his 1999 Conviction ("2006 Petition"). (No. CV 06-03899 GPS (AN)). On August 3, 2006, the 2006 Petition was dismissed without prejudice as an unauthorized successive petition. (*Id.*, Judgment Docket No. 4.)

On December 8, 2006, Petitioner filed an application for authorization to file a second or successive habeas petition with the United States Court of Appeals for the Ninth Circuit ("§ 2244(b) Application"). *Arnold v. Terhune*, No. 06-75622 (9th Cir. Dec. 8, 2006). In his § 2244(b) Application, Petitioner sought permission to bring two habeas claims: (1) a Confrontation Clause claim; and (2) an Actual Innocence claim. (§ 2244(b) Application 2:10-22.) On February 21, 2007, the Ninth Circuit granted Petitioner's § 2254(b) Application to file a successive petition limited to the Confrontation Clause and Actual Innocence claims. (Pet. Ex. A.)

On June 15, 2007, Petitioner filed a successive petition with this Court ("2007 Petition"). (No. CV 07-03391 GPS (AN)). However, the 2007 Petition raised four claims. Specifically, the 2007 Petition raised a Confrontation Clause claim that was

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980)

similar to the one described in his § 2244(b) Application and three new claims[3] that the Ninth Circuit did not authorize Petitioner to raise in the 2007 Petition; the Actual Innocence Claim was not raised. On September 26, 2007, this Court dismissed the 2007 Petition; as set forth in the Judgment, the Confrontation Clause claim was dismissed with prejudice because it failed on the merits and the remaining three claims were dismissed without prejudice as unauthorized successive claims. (*Id.*, Judgment Docket No. 11.)

The pending Petition and attached exhibits establish Petitioner continues to seek federal habeas relief from his state custody arising from his 1999 Conviction based upon two grounds. Ground One consists of the same Confrontation Clause claim that was raised in the 2007 Petition and dismissed with prejudice because it lacked merit. Ground Two is the Actual Innocence claim that the Ninth Circuit gave him permission to bring in the 2007 Petition but was not raised. Neither the instant Petition nor attached exhibits establish that the Ninth Circuit has authorized Petitioner to bring yet another successive petition for the purpose of raising the Confrontation Clause claim or the Actual Innocence claim that he was authorized to raise in the 2007 Petition. The records of the Ninth Circuit also establish that Petitioner has not sought, much less been granted, permission to bring the instant Petition, which constitutes a third successive petition.

## II. DISCUSSION

**A.   Legal Standard**

The pending Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically, § 2244(b) thereof, which provides, in pertinent part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

---

[3] These three new claims are generally characterized and described as sentencing error, prosecutorial misconduct, and an ineffective assistance of counsel claims.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2); *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796-99 (2007); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S. Ct. 2641 (2005); *Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333 (1996). Additionally, under § 2244(b)(3)(C), a circuit court may not authorize a prisoner to bring a second or successive petition in the district court unless the prisoner's "application makes a prima facie showing that the application satisfies [§ 2244(b)'s] requirements." *Cooper v. Calderon*, 274 F.3d 1270, 1275 (9th Cir. 2001). Further, after the prisoner files a circuit-authorized second or successive petition, the district court must "conduct a thorough review of all allegations and evidence presented by the prisoner to determine whether the [petition] meets the statutory requirements for the filing of a second or successive petition." § 2244(b)(4); *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000). At this stage, however, the petitioner must make "more than another prima

facie showing." *Id.* at 1164.

**B. Analysis**

    **1. Confrontation Clause (Ground One)**

The Confrontation Clause claim was previously raised in the 2007 Petition and was dismissed with prejudice on the merits after a "thorough review" of the evidence presented. (*See* 2007 Pet. Docket Nos. 10, 11.) Accordingly, the instant Petition constitutes an unauthorized successive petition as to this claim, therefore, the Court must dismiss Ground One for lack of jurisdiction to consider it. § 2244(b)(1); *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478 (2001).

    **2. Actual Innocence (Ground Two)**

The Court also finds the pending Petition constitutes an unauthorized successive petition with respect to the Actual Innocence claim. As discussed above, the Ninth Circuit authorized Petitioner to raise this claim and the Confrontation Clause claim in the 2007 Petition. However, in lieu of raising this authorized claim in the 2007 Petition, Petitioner deliberately chose to raise three unauthorized claims. By doing so, Petitioner forfeited his right to raise the Actual Innocence claim in his 2007 Petition, and this Court need not consider it because his present attempt to raise this claim in yet another, separate successive petition is tantamount to an abuse of the writ. *See Farmer v. McDaniel*, 98 F.3d 1548, 1559-60 (9th Cir. 1996) (a federal habeas petition raising new ground that was not raised in a prior federal habeas petition may be dismissed as an abuse of writ if the petitioner "made a conscious decision to deliberately withhold them from a prior petition . . . [or] is pursuing needless piecemeal litigation" unless he "has a legitimate excuse for failing to raise [the new] claim at the appropriate time"); *see also In re Byrd*, 269 F.3d 561, 570-574 (6th Cir. 2001) (Sixth Circuit denied petitioner's request to stay his 2001 execution so he could bring a second or successive habeas petition to raise an actual innocence claim the Sixth Circuit had authorized him to raise in his first, pre-AEDPA federal habeas petition but which petitioner "deliberately withheld"; in rejecting petitioner's claim that § 2244(b) should not apply to him, the

1  Sixth Circuit also found petitioner's belated attempt to raise the actual innocence claim
2  constitutes an abuse of the writ under pre-AEDPA law.) Under the circumstances, the
3  Court finds Petitioner has not demonstrated good cause for allowing him to proceed in
4  this manner, particularly in light of AEDPA's principal goals of reducing "piecemeal
5  litigation" and "streamlining federal habeas proceedings." *See generally, Burton*, 549
6  U.S. at 798 (explaining key purpose of the exhaustion doctrine is to require a petitioner
7  to bring all habeas claims at one time, reduce "piecemeal litigation," and advance
8  AEDPA's purpose of "streamlining federal habeas proceedings"); *Maharaj v. Sec'y for*
9  *Dep't of Corr.*, 304 F.3d 1345, 1347 (11th Cir. 2002) ("AEDPA was designed to
10 eliminate successive piecemeal petitions for habeas corpus relief"); *Littlejohn v. Artuz*,
11 271 F.3d 360, 363 (2d Cir. 2001) ("To be sure, AEDPA's stringent procedural
12 requirements regarding second and successive petitions are intended to prevent
13 piecemeal litigation of habeas petitions -- i.e, 'abuse of writ'").

14      Moreover, even assuming, without deciding, that Ground Two could be considered
15 at this time, Petitioner has failed to satisfy his burden of showing his Actual Innocence
16 claim satisfies the requirements of § 2244(b)(2)(B); *Tyler*, 553 U.S. at 662. In Ground
17 Two, Petitioner contends his conviction should be overturned based on new evidence.
18 The alleged new evidence consists of a declaration that Dexter Walker purportedly
19 signed on August 10, 2003, in which Walker principally declares that he was available
20 to testify as a witness at the trial of Petitioner and his co-defendant (Robertson) and that,
21 at the time of the robbery, Petitioner was just a passenger in the car and unaware that
22 Walker left the car to commit the underlying robbery. (Pet. Attach. 8-9.) Petitioner's
23 conclusory allegations and failure to provide Walker's declaration as part of his pending
24 Petition is insufficient to meet his burden of proof under § 2244(b)(2)(B)(i) and (ii).

25      Ground Two does not satisfy § 2244(b)(2)(B)(i), because the purported Walker
26 declaration was signed on August 10, 2003 -- long *before* he used Walker's declaration
27 as the basis for obtaining permission from the Ninth Circuit to file a successive habeas
28 petition on December 8, 2006, and *well before* he filed his subsequent authorized

successive 2007 Petition. Indeed, Petitioner clearly had knowledge of the factual predicate for the actual innocence claim at least four years before he filed his 2007 Petition but deliberately chose not to raise the claim, thereby forfeiting his opportunity to do so now at this late date. Moreover, under § 2244(b)(2)(B)(ii), Petitioner cannot satisfy the burden of showing that Walker's declaration, when viewed in light of the evidence as a whole, constitute clear and convincing evidence that, but for constitutional error, no reasonable juror would have found Petitioner guilty of second degree robbery. For the reasons set forth in this Court's Report and Recommendation ("R&R") relating to the 2001 and 2007 Petitions, there was ample evidence in the record pointing to Petitioner's overwhelming guilt. (*See* 2001 R&R, Docket Nos. 16, 20; 2007 R&R, Docket Nos. 5, 11.)

Accordingly, the Court finds the pending Petition must be dismissed because, with respect to Ground Two, it also constitutes an unauthorized third successive petition that this Court lacks jurisdiction to consider.

### III. Conclusion

Based on the foregoing analysis, the Court finds the Petition constitutes Petitioner's unauthorized third successive petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed because the Court lacks jurisdiction to consider it. The Clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated.

Dated: __August 26_____, 2008

GEORGE P. SCHIAVELLI
―――――――――――――――
GEORGE P. SCHIAVELLI
UNITED STATES DISTRICT JUDGE

Presented by:

　/s/　Arthur Nakazato
　　　Arthur Nakazato
United States Magistrate Judge